Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CARLA T. RODRÍGUEZ BERNIER<br>Peticionaria<br><br>v.<br><br>JOSÉ M. RIVERA SANTOS<br>Recurrido | KLCE202300676 | *CERTIORARI*<br>Procedente de Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Núm.: JDI2014-0178<br><br>Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Pérez, y la Jueza Prats Palerm[1].

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Ante nos comparece la parte peticionaria, Carla T. Rodríguez Bernier (¨peticionaria¨ o ¨Lcda. Rodríguez Bernier¨) mediante recurso de *Certiorari*. Solicita que revoquemos dos (2) resoluciones dictadas por el Tribunal de Primera Instancia, Sala Superior de Ponce (¨TPI¨). Mediante *Resolución* emitida el 10 de mayo de 2023, notificada el 15 de mayo de 2023, el TPI dictó *No Ha Lugar* una *Solicitud de Reconsideración* presentada por la Lcda. Rodríguez Bernier. Por medio de dicha denegatoria, el TPI sostuvo un dictamen en donde relevó a la parte recurrida, José M. Rivera Santos (¨recurrido¨ o ¨Lcdo. Rivera Santos¨) del pago de una pensión alimentaria a favor de su hijo, Carlos J. Rivera Rodríguez, mayor de edad y presuntamente incapaz.

Mediante una segunda *Resolución*, dictada el 24 de mayo de 2023 y notificada el 31 de mayo de 2023, el TPI resolvió *No Ha Lugar* una *Urgente Solicitud de Remedio y Notificación de Presentación de Declaración de Incapacidad y Nombramiento de* Tutora. A través de la solicitud, el TPI fue notificado sobre el inicio del procedimiento de declaración de incapacidad del joven y se solicitó la imposición de una

---

[1] Mediante Orden Administrativa OATA-2024-021 de 2 de febrero de 2024, se designa a la Hon. Annette M. Prats Palerm en sustitución de la Hon. Eileen J. Barresi Ramos.

pensión alimentaria provisional. El TPI denegó la solicitud por entender que era una segunda moción de reconsideración presentada fuera de término.

Al examinar la naturaleza y procedencia del caso de autos la cual surge de una determinación sobre alimentos, la petición de *Certiorari* presentada ante nuestra consideración será acogida como un recurso de *Apelación,* aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal. Véase: *Cortés Pagán v. González Colón,* 184 DPR 807, a la pág. 813 (2012); *Figueroa v. Del Rosario,* 147 DPR 121, a la pág. 129 (1998).

Por los fundamentos que expondremos a continuación, adelantamos que se *Revocan* las Resoluciones recurridas.

**I.**

La Lcda. Rodríguez Bernier y el Lcdo. Rivera Santos procrearon durante su matrimonio un hijo, el joven Rivera Rodríguez, nacido el 12 de febrero de 2002. Durante el 2005 las partes se divorciaron, acordando una pensión alimentaria y el pago del plan médico del entonces menor de edad.

Luego de que el joven Rivera Rodríguez advino la mayoría de edad, el 24 de febrero de 2023, el Lcdo. Rivera Santos presentó ante el TPI una *Moción Solicitando Relevo de Pensión Alimentaria.* Adujo que, al joven advenir la mayoría de edad, no existía ninguna obligación para continuar aportando a su sustento. El joven había interrumpido sus estudios universitarios y se encontraba trabajando en el bufete de abogados de su madre.

Posteriormente, el 15 de marzo de 2023, la Lcda. Rodríguez Bernier presentó una *Moción en Oposición a Solicitud de Relevo de Pensión Alimentaria.* Mediante esta, informó al TPI que el recurrido había incumplido con la Regla 4.4 (c) de Procedimiento Civil, al no notificar la *Solicitud de Relevo de Pensión Alimentaria* a su hijo. Además, la peticionaria le informó al TPI sobre la condición de autismo del joven,

luego de que el recurrido no lo notificara al Tribunal en la *Moción Solicitando Relevo de Pensión Alimentaria.*

La Lcda. Rodríguez Bernier argumenta que, una vez notificado el TPI de la condición del joven, este venía obligado a actuar conforme dispone la Regla 15.2 de las de Procedimiento Civil. Según la peticionaria, la Regla establece la necesidad de celebrar una vista para asegurarse de que el joven entendía la naturaleza del procedimiento y, de ser necesario, nombrarle un defensor judicial.

Para sustentar que su hijo no entendía el proceso al que sería expuesto, la Lcda. Rodríguez Bernier presentó múltiples documentos que evidenciaban la condición de autismo del joven. Entre los documentos, presentó una Certificación de Registro del Departamento de Educación, la cual acreditaba que el joven recibía los servicios de educación especial desde sus cuatro (4) años y las evaluaciones realizadas. La peticionaria solicitó que el TPI nombrara un defensor judicial para su hijo.

El 20 de marzo de 2023, el TPI emitió una *Orden* mediante la cual requirió al Lcdo. Rivera Santos notificar su solicitud al joven Rivera Rodríguez. A su vez, le confirió al joven quince (15) días para exponer su posición.

Así las cosas, el 12 de abril de 2023 el joven Rivera Rodríguez, por conducto de su madre, presentó una *Solicitud de Prórroga y Señalamiento de Vista.* Mediante la solicitud, la Lcda. Rodríguez Bernier, en su carácter de madre, argumentó que su hijo no tenía capacidad para entender las implicaciones del proceso y el incumplimiento con la *Orden* emitida por el TPI. Añadió que estaba recopilando toda la información y documentación necesaria para presentar la Petición de Declaración de Incapacidad y Nombramiento de Tutora. Además, informó que había contratado a la Dra. Lilliana Hernández Martínez con el propósito de que esta emitiera un Informe.

El Informe sería utilizado en la Petición de Declaración de Incapacidad y Nombramiento de Tutora.

En base a esto, nuevamente solicitó que el TPI señalara una vista con el propósito de evaluar si su hijo entendía la naturaleza del proceso y la necesidad de nombrarle un defensor judicial. También solicitó un término de treinta (30) días para documentar la presentación de la *Petición de Declaración de Incapacidad y Nombramiento de Tutor*.

El 14 de abril de 2023, notificada el 21 de abril de 2023, el TPI emitió una *Orden* declarando *No Ha Lugar* la *Solicitud de Prórroga y Señalamiento de Vista* presentada por la peticionaria, como madre del joven Rivera Rodríguez.

Esa misma fecha, el Tribunal emitió una *Resolución* mediante la cual relevó de la pensión alimentaria al Lcdo. Rivera Santos, por el joven Rivera Rodríguez haber advenido a la mayoría de edad. En su *Resolución,* el TPI resolvió que ¨[s]e releva del pago de la pensión alimentaria al Sr. José Miguel Rivera Santos por haber advenido a la mayoría de edad José Miguel Rivera Rodríguez. Efectivo el 12 de febrero de 2023¨.

Inconforme, la Lcda. Rodríguez Bernier y el joven Rivera Rodríguez, por conducto de su madre, presentaron una *Urgentísima Solicitud de Reconsideración* el 8 de mayo de 2023. Mediante la misma, reiteró su solicitud de celebrar una vista para evaluar el estado mental del joven. Una vez más, presentó evidencia respecto a la condición de autismo del joven. A tales efectos, presentó el *Informe de Evaluación Psicológica* realizado por la Dra. Hernández Martínez, recibido por la peticionaria el 4 de mayo de 2023.

En oposición, el 12 de mayo de 2023, el Lcdo. Rivera Santos presentó una *Moción en Oposición a Solicitud de Reconsideración y Otros Extremos.* Alegó que la peticionaria estaba imposibilitada de comparecer en beneficio de su hijo por existir un conflicto ético.

Además, argumentó que, al no existir una declaración de incapacidad, no procedía la solicitud de que se mantuviese la pensión alimentaria.

El 10 de mayo de 2023, notificada el 15 de mayo de 2023, el TPI emitió una *Resolución* declarando *No Ha Lugar* la *Urgentísima Solicitud de Reconsideración* presentada por la peticionaria. Ese mismo día, el TPI emitió una *Orden* indicando: ¨Nada que proveer, el Tribunal ya se expresó. La capacidad del joven Carlos José Rivera Rodríguez se presume. Se apercibe que existen otros remedios expresados en el Código Civil que pueden atender la situación planteada¨.

El 17 de mayo de 2023, la Lcda. Rodríguez Bernier presentó una *Urgente Solicitud de Remedio y Notificación de Presentación de Petición de Declaración de Incapacidad y Nombramiento de Tutor*. La recurrida notificó al TPI que había presentado la *Petición de Declaración de Incapacidad y Nombramiento de Tutora* en el Caso Civil Núm. PO2023RF00435. A su vez, solicitó que se reinstalara la pensión alimentaria o la imposición de una pensión alimentaria provisional.

El 24 de mayo de 2023, notificada el 31 de mayo de 2023, el TPI dictó una *Resolución* declarando *No Ha Lugar* la solicitud presentada por la peticionaria por haberse presentado fuera de término.

Insatisfecha, la Lcda. Rodríguez Bernier comparece ante este Tribunal de Apelaciones mediante recurso de *Certiorari* presentado el 14 de junio de 2023. La peticionaria hace los siguientes señalamientos de error:

> Erró el TPI, al relevar al recurrido, licenciado Rivera Santos, de la pensión alimentaria y al no celebrar una vista con el propósito de asegurarse que el joven Rivera Rodríguez era capaz de comprender la naturaleza del proceso, todo ello, conforme dispone la Regla 15.2 de las de Procedimiento Civil.

> Erró el TPI, al no reinstalar la pensión alimentaria o celebrar una vista para fijar una pensión alimentaria provisional, una vez documentada la presentación de la Petición de Declaración de Incapacidad y Nombramiento de Tutora y ponerlo en condiciones de conocer que la manutención total del joven Rivera Rodríguez estaba siendo cubierta únicamente por la peticionaria, licenciada Rodríguez Bernier.

Erró el TPI, al descartar la Urgente Solicitud de Remedio y Notificación de presentación de Petición de Declaración de Incapacidad y Nombramiento de Tutor presentada por la peticionaria, licenciada Rodríguez Bernier, por supuestamente considerarla una reconsideración presentada de forma tardía.

El 20 de junio de 2023, este Tribunal mediante *Resolución* le concedió al Lcdo. Rivera Santos un término de diez (10) días para presentar su oposición.

En cumplimiento, el 30 de junio de 2023, el recurrido presentó un *Memorando en Oposición a que se Expida Recurso de Certiorari*. Argumentó que no procedía la expedición del recurso de *Certiorari* porque el joven Rivera Rodríguez advino a la mayoría de edad y no había sido incapacitado judicialmente. Por ende, adujo que, hasta tanto el Tribunal no declare incapaz al joven, no existirá fundamento para que el recurrido continúe pagando una pensión alimentaria.

**II.**

### A. Derecho de Alimentos

Entre los deberes principales de la patria potestad se encuentra el deber de proveer alimentos a los hijos. Esta obligación de los padres y el derecho de los hijos menores de edad a reclamar sus alimentos es parte esencial del derecho constitucional a la vida. Este deber y derecho constitucional, que a su vez está revestido del más alto interés público, que no es otro que el mejor bienestar del menor, está ampliamente resguardado en los Artículos 653 al 680 del Código Civil de Puerto Rico, 31 LPRA secs. 7531 a la 7582 y en la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, conocida como la Ley Orgánica de la Administración para el Sustento de Menores, 8 LPRA sec. 501 *et. seq.* Véase, *Maldonado v. Cruz,* 161 DPR 1 (2004); *Martínez v. Rodríguez,* 160 DPR 145 (2003); *Ríos Rosario v. Vidal Ramos,* 134 DPR 3 (1993). Los tribunales tienen el deber de velar por ese derecho y asegurar el cumplimiento con las obligaciones que derivan del deber de los progenitores de alimentar a sus hijos menores de edad, toda vez que un reclamo de alimentos se fundamenta en el derecho a la vida

consagrado en la Sección 7 del Artículo II de nuestra Constitución. Const. ELA Art. II, Sec. 7., Const. P.R., LPRA, Tomo 1; *Díaz Ramos v. Matta Irizarry*, 198 DPR 916 (2017), 923.

Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad. Artículo 653 del Código Civil, 31 LPRA sec. 7531.

A su vez, la obligación de brindar alimentos a los menores de edad surge de la relación paterno-filial que se origina en el momento en que la paternidad o maternidad quedan establecidas. *McConnell v. Palau*, 161 DPR 734, (2004).

La obligación de los padres para proveer el sustento a sus hijos tiene dos bases estatutarias: (1) la que es parte del contenido jurídico del ejercicio de la patria potestad y emana del Artículo 590 del Código Civil, 31 LPRA 7542; y (2) la que surge del Artículo 658 del Código Civil, 31 LPRA 7541, que regula lo concerniente a alimentos entre parientes.

A diferencia de la obligación de proveer alimentos que establece el Artículo 590 del Código Civil, *supra*, para los hijos que viven en compañía de sus progenitores, como consecuencia del ejercicio de la patria potestad, el Artículo 658 del Código Civil, *supra*, regula la obligación de un progenitor en cuanto a los "hijos no emancipados que no viven en su compañía y sobre los cuales no tiene la patria potestad, y a hijos y otros parientes, no importa su edad, que tengan necesidad de alimentos, y siempre que el alimentante cuente con recursos para proveerlos". *Guadalupe Viera v. Morell*, 115 DPR 4 (1983). Se funda en el estado de necesidad del hijo y depende de la condición económica de los padres alimentantes.

Una vez emancipados o alcanzado la mayoría de edad, los hijos tienen la capacidad para representar sus propios intereses ante los tribunales. *Key Nieves v. Oyola Nieves*, 116 DPR 261, 268 (1985). Por

tal razón, el alimentista se convierte en parte indispensable para la controversia de alimentos y habrá que notificarle todo lo relacionado a dicha controversia. *Toro Sotomayor v. Colón Cruz,* 176 DPR 528 (2009).

Es norma reiterada por nuestro Tribunal Supremo que el hecho de que los hijos puedan comparecer a solicitar alimentos, aún luego de alcanzar la mayoridad, obedece a que la obligación de alimentarlos no cesa automáticamente porque estos hayan cumplido 21 años. *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550 (2012); Key *Nieves v. Oyola Nieves, supra.* La emancipación por mayoría de edad no apareja *ipso facto* la pérdida del derecho a reclamar alimentos de los padres, pues siempre subsistirá la obligación que emana del Artículo 658 del Código Civil, *supra,* que atiende las necesidades alimentarias entre parientes. De manera que, una vez establecida una pensión alimentaria, ni la emancipación, ni la mayoría de edad de los hijos relevan al padre de su obligación de alimentarles si aquellos lo necesitaren. *Sosa Rodríguez v. Rivas Sariego,* 105 DPR 518, 523 (1976); *Rivera et al. v. Villafañe González,* 186 DPR 289, 293 (2012).  No obstante, ese tipo de obligación requiere que el hijo ya mayor de edad tenga la necesidad de esa pensión alimentaria, lo que se analiza bajo criterios distintos a los que se toman en cuenta cuando se adjudican los alimentos de un menor. Por tanto, este viene obligado a probar las circunstancias que le hacen acreedor de estos. (Citas omitidas). *Santiago, Maisonet v. Maisonet Correa, supra.* En otras palabras, la pensión alimentaria no cesa automáticamente al momento de cumplir la mayoría de edad.

Debido a lo anterior, resolvemos que es deber del alimentante, si es que así lo desea, poner en conocimiento al tribunal de que sus hijos alimentistas están próximos a llegar a la mayoridad y su interés de ser relevado del pago de la pensión alimentaria. Es decir, la pensión otorgada a un menor de edad continuará en vigor –aunque advenga a la mayoría de edad- hasta que no se realice el trámite procesal descrito

anteriormente. Esa moción se le deberá notificar al alimentista, de modo que este pueda comparecer dentro de ese mismo pleito -a nombre propio- y establecer que sus necesidades permanecen vigentes y que reúne los requisitos que le hacen acreedor de la pensión a pesar de que ya es mayor de edad. Entonces, solo restará que el tribunal, tomando en consideración las circunstancias particulares de cada caso, evalúe si procede relevar al padre alimentante de la obligación que se le había impuesto hasta ese momento. *Íd.*

Por otro lado, el Artículo 658 se distingue en que la obligación es exigible cuando se demuestra la necesidad de alimentos del hijo y son reclamados judicialmente. 31 LPRA 7563; *Chévere v. Levis I,* 150 DPR 525 (2000); *Guadalupe Viera v. Morell, supra.* El Tribunal Supremo ha resuelto que la fecha de efectividad de una orden del tribunal fijando una pensión alimentaria es la fecha de su reclamación, por lo que los alimentos se abonarán a partir del momento en que se exijan judicialmente. *Quiles Pérez v. Cardona Rosa,* 171 DPR 443 (2007), citando a *Pueblo v. Zayas Colón,* 139 DPR 119 (1995) y *De Jesús v. Castellar,* 80 DPR 241 (1958). Por tanto, al dictar una sentencia o resolución sobre alimentos, el pago de la correspondiente pensión alimentaria será retroactivo a la fecha en que el alimentista presentó su acción ante el Tribunal, independientemente del tipo de procedimiento utilizado. *Pueblo v. Zayas Colón, supra,* págs. 125-126.

### B. Debido Proceso de Ley

El debido proceso de ley es un derecho fundamental reconocido tanto en nuestra Constitución como en la Constitución Federal. Artículo II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emda. V y XIV, Const. EE.UU. Dicha garantía opera en dos dimensiones distintas, a saber, la sustantiva y la procesal. *ELA et al. v. Molina Figueroa,* 186 DPR 461 (2012). El debido proceso de ley sustantivo pretende proteger y salvaguardar los derechos fundamentales de las personas al requerirle al Estado justificación al intervenir con los mismos. Por otro lado, en

su vertiente procesal el debido proceso de ley busca garantizar que la interferencia con los intereses de libertad o propiedad de las personas se lleve a cabo a través de un procedimiento que sea imparcial y justo.

Nuestra jurisprudencia ha establecido varios requisitos que todo procedimiento adversativo debe cumplir para satisfacer las exigencias mínimas del debido proceso de ley, a saber: que las partes sean notificadas adecuadamente del proceso; que las partes tengan la oportunidad de ser oídos; que el proceso se lleve a cabo ante un juzgador imparcial; que las partes tengan derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; que la decisión se base en evidencia presentada y admitida en juicio y que las partes tengan derecho a tener asistencia de abogado. *Hernández v. Secretario*, 164 DPR 390 (2005); *McConell v. Palau, supra*; *Rivera Rodríguez v. Lee Stowell*, etc., 133 DPR 881 (1993).

### C. *Regla 15.2 de las de Procedimiento Civil*

La referida Regla 15.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 15.2 (a), dispone que:

> Regla 15.2. Menores y personas incapacitadas
>
> (a) Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, **el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.**
> (b) **En los casos previstos en la última oración de la Regla 4.4(c) y en la Regla 22.2, el tribunal determinará sobre el estado mental de la parte y si es conveniente y procede el nombramiento de un defensor o una defensora judicial.** 32 LPRA Ap. III, R. 15.02. (Énfasis suplido).

Nuestro Tribunal Supremo resolvió en el año 2000 el caso *Rivera y otros v. Bco. Popular de Puerto Rico*, 152 DPR 140 (2000), donde discutió el alcance de la citada Regla 15.2. Dicho foro catalogó de obligación, el tener que celebrar una vista para dilucidar la capacidad

de una parte en el pleito, una vez se le presentan al tribunal motivos para dudar de la misma y se solicita que se nombre un defensor judicial. El Tribunal Supremo expresó sobre lo anterior que:

> La incapacidad de una persona solamente puede ser solicitada por el cónyuge, los parientes del presunto incapaz y el fiscal. Véanse Arts. 181 y 182 del Código Civil, 31 L.P.R.A. secs. 704-705. Por lo tanto, generalmente, una parte en un pleito no puede solicitar al tribunal que declare incapaz a la parte contraria. No obstante, a partir de la aprobación de las Reglas de Procedimiento Civil de 1979, se impuso al demandante, su abogado o la persona que diligencia el emplazamiento, la obligación "de informar al tribunal la condición mental del demandado, cuando este hecho es de su conocimiento o tiene motivos fundados para así creerlo, de suerte que, el tribunal proceda a tomar las medidas necesarias para determinar la cuestión de capacidad mental, en su caso, nombrando un defensor 'ad litem', según establece la Regla 15.2(b) de Procedimiento Civil". Énfasis suplido.
> [. . .]
> Una vez notificado el tribunal de instancia sobre la posibilidad de que un demandado esté incapacitado, y existiendo fundamento razonable para ello, vendrá obligado dicho foro a hacer una determinación sobre el estado mental de la parte. Regla 15.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Basado en esta determinación, decidirá el tribunal si procede o no el nombramiento de un defensor judicial a la parte. Id. Contrario a la determinación sobre el estado mental -- la cual es obligatoria en estos casos--, la decisión de nombrar un defensor judicial es una que estará sujeta a un criterio de conveniencia, según se desprende del texto del Inciso (b) de la Regla 15.2. *Rivera Durán v. Banco Popular, supra*, a la pág. 176. (Énfasis suplido).

Resulta indubitado, pues, que existe una obligación continua de informar sobre la condición mental de alguna parte, tanto para la parte demandante, su abogado y el emplazador, así como también puede informarlo un pariente del primero. Una vez se le presentan al tribunal motivos fundados para dudar de la capacidad de una parte, éste viene obligado a celebrar una vista a esos efectos.

### D. El Defensor Judicial

El defensor judicial "es un tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a un menor en un pleito en específico". *R & G Premier Bank of P.R. v. Registradora,* 158 DPR 241 (2002); *Rivera y Otros v. Bco. Popular de Puerto Rico, supra.* Este nombramiento obedece al poder de *parens patriae* que tiene el

Estado, cuyo único y principal objetivo es velar por el bienestar de los menores e incapaces. *Crespo v. Cintrón,* 159 DPR 290 (2003); *Santana Medrano v. Acevedo Osorio,* 116 DPR 298, 301 (1985).

En virtud de la Regla 4.4(c) de Procedimiento Civil, en todos los casos en que la parte demandante, su abogado o abogada o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, "deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2 (b). Así pues, partiendo de dicha solicitud, decidirá el tribunal si procede o no el nombramiento de un defensor judicial a la parte, sujeto a un criterio de conveniencia, según se desprende del texto de la Regla 15.2 (b) de Procedimiento Civil, *supra.*

Una vez el foro de primera instancia quede informado sobre la posibilidad de que un demandado esté incapacitado, y existiendo fundamento razonable para ello, éste vendrá obligado a hacer una determinación sobre el estado mental de la parte, de acuerdo con las disposiciones de la Regla 15.2(b) de Procedimiento Civil, *supra.* A base de tal determinación es que el tribunal decidirá si procede o no el nombramiento de un defensor judicial a la parte. *Rivera y Otros v. Bco. Popular de Puerto Rico, supra.*

De modo, que el tribunal tiene la discreción de establecer cualquier otra medida para proteger los intereses de esta parte, cuya determinación estará guiada por el principio rector de todo nuestro ordenamiento procesal de lograr que los casos sean resueltos de una forma justa, rápida y económica. *Íd.*

Analizada la controversia bajo el crisol doctrinario previamente esbozado, nos encontramos en posición de resolver el caso ante nos.

**III.**

La parte peticionaria y madre del joven Rivera Rodríguez, reclama mediante sus señalamientos de error que el TPI erró al relevar al recurrido de la pensión alimentaria y no celebrar una vista con el

propósito de asegurarse que el joven era capaz de comprender la naturaleza del proceso conforme la Regla 15.2 de las de Procedimiento Civil. Además, plantea que el TPI erró al no reinstalar la pensión alimentaria o celebrar una vista para fijar una pensión provisional, una vez documentada la presentación de la Petición de Incapacidad y Nombramiento de Tutora y ponerlo en condiciones de conocer que la manutención total del joven estaba siendo únicamente satisfecha por la peticionaria. Concluye sus planteamientos de errores señalando que erró el TPI al descartar la Urgente Solicitud de Remedio y Notificación de presentación de Petición de Incapacidad y Nombramiento de Tutor presentada por la peticionaria por supuestamente considerarla como una reconsideración presentada de manera tardía.

Por encontrarse íntimamente relacionados los señalamientos de error, procederemos nuestro análisis y discusión de manera conjunta.

En los hechos pertinentes a la controversia ante nuestra consideración, comparece la madre reclamando los derechos de su hijo, que, aunque mayor de edad, se alega tiene una incapacidad que no le permite tomar decisiones ni le permite discernir la naturaleza del procedimiento que se lleva a cabo en el Tribunal. Si bien es cierto que la capacidad se presume conforme nuestro Código Civil, ante un reiterado reclamo de una posible incapacidad, el TPI debió de asegurarse que el joven entendía la naturaleza y los efectos del proceso.

No podemos pasar por alto que se trata de la obligación y responsabilidad de unos padres de alimentar a un hijo, que, aunque es mayor de edad, se alega que es presuntamente incapaz.

No obstante, ante los planteamientos recurrentes de la madre peticionaria ante el TPI y la presentación de documentación en apoyo de su postura, el TPI debió entrevistar al joven como parte del debido proceso de ley para así evaluar su condición física y mental antes de tomar la drástica determinación de suspender la pensión alimentaria. El TPI debió celebrar una vista al amparo de la Regla 15.2 de las de

Procedimiento Civil de manera que pudiera implementar las medidas necesarias de carácter provisional.

Como bien señalamos anteriormente, la madre peticionaria, presentó distintas evaluaciones médicas realizadas al joven a través de los años, su diagnóstico de autismo y las alegadas limitaciones que posee para regir sus bienes y persona. Ante el escenario y condiciones presentadas al TPI, este tenía que haber actuado dándole un debido proceso de ley, debió tomar las medidas cautelares y celebrar una vista al amparo de la Regla 15.2 de las de Procedimiento Civil de manera que pudiera implementar las medidas necesarias de carácter provisional para cerciorarse de la capacidad de Carlos J. Rivera Rodríguez de entender los procedimientos, incluyendo designarle un defensor judicial y representación legal. Ello está cimentado en que la emancipación ni la mayoría de edad de los hijos releva a los padres de alimentar a los hijos si lo necesitan.

Este Tribunal entiende que los planteamientos de error fueron cometidos, por lo que *Revocamos* las Resoluciones recurridas.


## IV.

Por los fundamentos antes expuestos, expedimos el recurso y revocamos los dictámenes recurridos. Así resuelto, se devuelve el caso al TPI para la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaría del Tribunal.

**Notifíquese inmediatamente.**


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones